AO 91 (Rev. 11/11)   Criminal Complaint

**F I L E D**

Jan - 15 2021

Robert R. Carr
Clerk, U.S. District Court

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )     Case No. |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of _____ in the

_____ District of _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| | |

This criminal complaint is based on these facts:

☐ Continued on the attached sheet.

*Robert Reed by CJS w/ permission*
_____
*Complainant's signature*

_____
*Printed name and title*

Sworn to before me and signed via remote execution (see attached Addendum).

Date: January 15, 2021
_____

City and state: _____

Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

2:21-mj-2506-CJS

### <u>AFFIDAVIT</u>

I, Robert Reed, Special Agent of the Federal Bureau of Investigation ("FBI"), being duly sworn state that:

1.      I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), and am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2423 of Title 18, United States Code.

2.      I have been employed as a Special Agent ("SA") with the Federal Bureau of Investigation (FBI) since June 2017, and am currently assigned to the Louisville Division, Covington Resident Agency.  While employed by the FBI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography.  I have received training in the area of child pornography and child exploitation. During my tenure with the FBI, I have assisted in numerous investigations into violations of 18 U.S.C. § 2423(b) (travel with the intent to engage in illicit sexual conduct). In these investigations, I have led and participated in the execution of search warrants to seize evidence of violations of federal law and arrest warrants to apprehend individuals who commit such violations.  I have also participated in many aspects of criminal investigations including the issuance of subpoenas, reviewing evidence, conducting physical and electronic surveillance, working with informants, interviewing witnesses, monitoring consensually recorded meetings and telephone calls and conducting court-authorized interception of wire and electronic communications.  Additionally, I have learned the methods used by individuals to commit criminal activity through the interviews of numerous defendants, informants and other witnesses involved in criminal activity.  I have

also become familiar with the methods used by such individuals to avoid detection by law enforcement.

3.    This affidavit is made in support of a criminal complaint and arrest warrant for Kevin Villamar, charging him with violating 18 U.S.C. § 2423(b), that is, travel in interstate commerce with the intent to engage in illicit sexual conduct. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from official documents, other law enforcement agents and witnesses.  This affidavit is intended to show that there is probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of, or investigation into this matter.

## STATUTORY AUTHORITY

4.    This complaint alleges that Villamar violated 18 U.S.C. § 2423(b) (travel with the intent to engage in illicit sexual conduct).  The elements of this offense are that: (1) the defendant traveled in interstate commerce, and (2) the defendant traveled for the purpose of engaging in illicit sexual conduct.  "Illicit sexual conduct" means "a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States."  18 U.S.C. 2423(f)(1).

## PROBABLE CAUSE

5.    On or about September 18, 2020, Deputy Dunaway with the Boone County Sheriff's Office responded to a call of a mother who reported that her 13-year-old daughter ("Minor Victim") met a male online, and subsequently met him in person and had sexual contact with him.

6.      Minor Victim and her mother live in Boone County in the Eastern District of Kentucky.

7.      On or about August 9, 2020, the male, who was subsequently identified as Kevin Villamar, sent at least one video of that sexual contact to Minor Victim.  Deputy Dunaway seized the cell phone Minor Victim used to communicate with Villamar and obtained consent to search the cell phone.

8.      On September 21, 2020, Detective Theetge with the Boone County Sheriff's Office spoke with Minor Victim's mother, who explained she documented (via photos) an Instagram conversation between Villamar and Minor Victim.  The mother provided those images to Detective Theetge.  The photos included Instagram messages which showed Minor Victim communicating with Villamar, who was using the Instagram account "grand_wizarddd" (the "Subject Instagram Account").  I have reviewed the images of these chats.  In these conversations, Minor Victim told Villamar that she was 13 years old.  Villamar told Minor Victim that he was 15 years old.  On several occasions throughout the conversations, Villamar asked Minor Victim for pornographic photographs of herself, suggested that the two should perform various sexual acts together, told Minor Victim that he was going to perform various sexual acts on her, and sent Minor Victim a video that she requested.

9.      According to Minor Victim's mother, the phone used by Minor Victim was given to her by another juvenile ("Minor Witness").  Minor Witness told her mother that she had Minor Victim's Instagram account signed in on Minor Witness's phone.  Minor Witness's mother reported this information to Detective Theetge.  On September 22, 2020, Detective Theetge interviewed Minor Witness and her mother.  With Minor Witness's permission, Detective Theetge manually scrolled through the Instagram messages between Minor Victim and Villamar.

3

Detective Theetge observed the same messages in the photos provided by Minor Victim's mother during the manual review and described above. Detective Theetge found and viewed a video in the messages sent by Villamar to Minor Victim at the request of Minor Victim. The video depicted an individual performing oral sex on a male's penis. Detective Theetge confirmed with Minor Witness that the individual in the video was Minor Victim.

10. On September 22, 2020, Detective Theetge served Instagram with a Grand Jury subpoena request for subscriber information linked to the Subject Instagram Account. On or about November 5, 2020, Detective Theetge received the subpoena return from Instagram, which provided the e-mail address which was used to create the account, kVillamar25@gmail.com (the "Gmail Account"), along with the IP address that was used to log into the account on September 7, 2020, 184.57.208.54. This IP address was provided by Spectrum/Time Warner.

11. Detective Theetge also issued grand jury subpoenas to Spectrum/Time Warner's parent company, Charter Communications, and Google, to obtain subscriber information for the IP Address associated with the Subject Instagram Account and the Gmail Account.

12. On or about November 13, 2020, Detective Theetge received a return for the subpoena sent to Charter Communications. The physical address for the subscriber associated with the IP Address was 9135 Millcliff Drive, Cincinnati, Ohio.

13. Detective Theetge visited that location and discovered that Villamar lived at that address. Detective Theetge asked Villamar if he was willing to meet him at the Springfield Township Police Department to discuss the allegations regarding Minor Victim and he agreed. During the meeting, Villamar admitted that he met a girl from Kentucky while using the Subject Instagram Account. He also admitted that he knew that Minor Victim was 13, that he took an

4

Uber from Ohio to meet Minor Victim in the neighborhood where she resided, that they engaged in sexual activity, which he recorded, in part, and sent to Minor Victim at her request.

14.     On November 18, 2020, Springfield Township Police Department arrested Villamar pursuant to a warrant issued out of Boone County Kentucky.

15.     On December 14, 2020, Shawntae Jones, FBI CAFI, interviewed Minor Victim. Among other statements, Minor Victim explained that Villamar met her at her dad's house in Hebron, Boone County, Kentucky.  She further explained that the two of them went into the woods near her dad's house where she performed oral sex on Villamar.  Villamar filmed the oral sex with his iPhone and eventually sent this video to Minor Victim via an Instagram message. Minor Victim estimated that the two also engaged in vaginal intercourse four times during that encounter.

16.     The illicit sexual conduct occurred on or about August 8, 2020.

17.     Based on the foregoing facts, there is probable cause to believe that Villamar has violated 18 U.S.C. § 2423(b), that is, travel in interstate commerce with the intent to engage in illicit sexual conduct.

*Robert Reed by CJS w/ permission*

Robert T. Reed
Special Agent
Federal Bureau of Investigation
Louisville Division, Covington RA

SWORN to before me and SUBSCRIBED with
permission this 15th day of January, 2021.



Signed By:

*Candace J. Smith*

United States Magistrate Judge

5

## **PENALTIES**

Not more than 30 years imprisonment, a $250,000 fine, and not less than 5 years up to life supervised release.

*Rule 4.1 Addendum*                                                      *2:21-mj-2506-CJS*

Per Rule 41(d)(3) and Rule 4.1, the Court processed the Criminal Complaint and Arrest Warrant remotely. The Court verified the Affiant's identity (through Affiant self-identification), with credentials #26951.  Affiant simply attested to the Complaint and Affidavit, which the AUSA transmitted by remote electronic means (email).   The Court issued the original Arrest Warrant and transmitted same to the Applicant and the AUSA, by remote electronic means (email).   The process complied with Criminal Rule 4.1.

Dated:  January 15, 2021



Signed By:

*Candace J. Smith*

United States Magistrate Judge