UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

Eastern District of Kentucky
FILED
JUN 18 2021
AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 21-4-DLB**

**UNITED STATES OF AMERICA**     **PLAINTIFF**

**V.**     **PLEA AGREEMENT**

**KEVIN VILLAMAR**     **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), Production of Child Pornography. Pursuant to Rule 11(c)(1)(A), the United States will move to dismiss Counts 1 and 3 at sentencing.

2. The essential elements of Count 2 are:

    (a) The Defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing visual depictions of such conduct;

    (b) At the time, the victim was a minor; and

    (c) The visual depictions were produced using materials, that is, an Apple iPhone, that had been mailed, shipped, or transported across state lines or in foreign commerce, by any means.

3. As to Count 2, the United States could prove beyond a reasonable doubt the following facts, which establish the essential elements of the offense, and the Defendant admits these facts:

    (a) On or about August 8, 2020, the Defendant traveled from Ohio to Boone County, Kentucky, to engage in illicit sexual conduct with the minor victim, A.W.

    (b) Upon meeting A.W., the Defendant and A.W. went into the woods near A.W.'s father's house, where A.W. performed oral sex on the Defendant. The Defendant filmed the oral sex with his Apple iPhone. The Defendant and A.W. also engaged in sexual intercourse.

    (c) On or about August 9, 2020, the Defendant sent the video he filmed to A.W. via Instagram. During the course of their communications, which occurred prior to and after August 8, 2020 via Instagram, the Defendant asked A.W. for pictures of her breasts and genital region on multiple occasions.

    (d) A.W. was 13 years old at the time.

4. The statutory punishment for Count 2 is not less than 15 and not more than 30 years imprisonment, a $250,000 fine, and not less than 5 years supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing. Pursuant to Section 101 of the Justice for Victims of Trafficking Act of 2015, an additional assessment of $5,000 applies to any non-indigent person or entity convicted of Chapter 110 crimes. Pursuant to 18 U.S.C. § 2259A, an assessment of not more than $50,000 applies to any person convicted of child pornography production.

5. Pursuant to Rule 11(c)(1)(B), and unless otherwise noted below, the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes, but is not limited to, the facts outlined in paragraph 3.

    (c) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

    (d) Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), the offense level should be increased by 2 levels because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years.

    (e) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), the offense level should be increased by 2 levels because the offense involved the commission of a sex act or sexual contact.

    (f) Pursuant to U.S.S.G. § 2G2.1(b)(3), the offense level should be increased by 2 levels because the Defendant knowingly engaged in distribution.

    (g) Pursuant to U.S.S.G. § 2G2.1(b)(6), the offense level should be increased by 2 levels because the offense involved the use of a computer or an interactive computer service to solicit participation with a minor in sexually explicit conduct for the purpose of producing sexually explicit material.

    (h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    (i) Pursuant to U.S.S.G. § 5E1.1, restitution may be applicable.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea, conviction, and any sentence that is within or below the advisory Guideline range as finally adopted by the Court. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence. In exchange, the United States agrees to recommend a sentence within the advisory Guideline range as finally adopted by the Court.

8. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to

comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

9. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant authorizes the United States to obtain the Defendant's credit reports. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

Date: 6/18/21      By: _____
                   Kyle M. Winslow
                   Assistant United States Attorney

Date: 5/17/21      _____
                   Kevin Villamar
                   Defendant

Date: 5-17-21      _____
                   Nathan Miller
                   Attorney for Defendant