**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL ACTION NO. 21-04-DLB-CJS**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**          **SENTENCING MEMORANDUM OF THE UNITED STATES**

**KEVIN VILLAMAR**                                                              **DEFENDANT**

\* \* \* \* \* \*

Pursuant to the Court's Order, the United States submits the following Sentencing Memorandum.  As set forth more fully below, the United States recommends a sentence of 240 months imprisonment followed by five years of supervised release.

**I.      The Child Pornography Offense.**

At the time the Defendant committed the offense of conviction (late summer 2020), the victim was a 13-year-old girl (hereinafter, "Minor Victim"), and the Defendant was a 28-year-old man.  Minor Victim and the Defendant met on Instagram, a social media platform, and the Defendant falsely represented that he was 15 years old.  *See* Presentence Investigation Report (PSR) ¶8.  After discussing their respective ages, the communications between the Defendant and Minor Victim quickly turned sexual.  *Id.*  The Defendant requested nude photographs of Minor Victim and expressed the desire to have sex with Minor Victim.  *Id.*

On or about August 8, 2020, the Defendant traveled from Ohio to Kentucky to meet Minor Victim in person.  Minor Victim told the FBI that she and the Defendant

went into the woods near her dad's house, where she performed oral sex on the Defendant. *Id*. at ¶12. The Defendant filmed the encounter with his iPhone and sent the video to Minor Victim via an Instagram message the following day. *Id*. at ¶7. Minor Victim estimated that the two also engaged in sexual intercourse four times during that one encounter. *Id*. at ¶12.

Following the sexual encounter, the Defendant continued to engage in sexual communications with Minor Victim via Instagram. Minor Victim's mother discovered the messages between the Defendant and Minor Victim and reported the incident to law enforcement on September 18, 2020. *Id*. at ¶7.

## II.     Unresolved Objections to the PSR.

There are no unresolved objections to the PSR.

## III.    Recommended Sentence.

When imposing a sentence, the Court must select a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [section 3553(a)(2)]." 18 U.S.C. § 3553(a). In doing so, the Court must consider the following, non-exhaustive factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed training, care, or treatment; (3) the Guidelines range (which, in this case, is 210-262

2

months); and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

A sentence of 240 months accounts for these factors. First, the nature and circumstances of the offense warrant a sentence greater than the low end of the Guidelines range because the Defendant's conduct went beyond the production of child pornography. The Defendant met Minor Victim on Instagram and deceived her by falsely claiming he too was a minor when he was actually an adult twice the victim's age. He then met Minor Victim in person and engaged in oral sex, which he filmed. The unlawful conduct continued with sexual intercourse. The age difference, misrepresentation, and hands-on abuse support a sentence of 240 months.

The recommended sentence also reflects the seriousness of the offense and is necessary to promote respect for the law. Although the Defendant will likely receive an adjustment for acceptance of responsibility, the Defendant demonstrated no remorse for his conduct with Minor Victim. Rather, as reflected by the following excerpts of their messages, the Defendant's only concern was for himself if Minor Victim became pregnant and he got caught:

| | |
|---|---|
| **Defendant**: | Get rid of it lol |
| **Minor Victim**: | I dont want too! I'm pro life. F***. I dont want killing a baby on my conscious |
| **…** | |
| **Defendant**: | Just don't tell them it's my child |

3

**...**

| | |
|---|---|
| **Minor Victim**: | Who am I supposed to blame it on? I don't want mom yelling at some clueless kid that got her kid pregnant |
| **Defendant**: | Tell them you don't know |
| **Minor Victim**: | How am I supposed to do that? Say I got raped? |
| **Defendant**: | I swear to god you better not say it's mine |
| **Defendant**: | I'll get in so much trouble |
| **Minor Victim:** | Yeah me too! |
| **Defendant**: | Don't have the baby if you're gonna blame it on me |
| **Minor Victim:** | I'm having the baby. Deal with it. If we're lucky I may not actually be pregnant. |
| **Defendant**: | You can have the baby I told you that |
| **Defendant**: | Just don't say it's mine |

**...**

| | |
|---|---|
| **Defendant**: | Just tell them you were raped at a party drunk & you didn't know |

**...**

| | |
|---|---|
| **Defendant**: | You're gonna ruin my life I didn't wanna have a kid |

Even these selfish concerns, however, did not deter the Defendant from further enticing Minor Victim to have sex with him.  After the sexual encounter at issue in this case, the Defendant messaged Minor Victim, "I just wanna stay f*** buddies tbh [to be honest] a gf [girlfriend] is too much commitment for me."  The Defendant continued soliciting naked photographs and sex from Minor Victim, and went so far as asking

4

Minor Victim to engage in a threesome with the Defendant and one of Minor Victim's friends, presumably also a minor.  Considering the Defendant's lack of remorse at the time of the offense and shortly thereafter, a sentence of 240 months would promote needed respect for the law and provide adequate deterrence.

Finally, the recommended sentence would also provide just punishment for the offense.  The Defendant's illegal conduct and selfish indifference to its impact upon a thirteen-year-old girl caused significant pain to Minor Victim and her family that is unlikely to go away any time soon, if ever.  For the foregoing reasons, a sentence of 240 imprisonment followed by five years of supervised release would be sufficient, but not more than reasonably necessary, to address all the relevant sentencing factors.

<div style="margin-left:40%">

Respectfully Submitted,

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

By:   /s/ Kyle M. Winslow_____
Assistant United States Attorney
207 Grandview Drive
Ft. Mitchell, Kentucky 41017
(859) 652-7034
FAX (859) 655-3211
Kyle.Winslow@usdoj.gov

</div>

## <u>CERTIFICATE OF SERVICE</u>

On September 17, 2021, I electronically filed this document via the CM/ECF system, which will send the notice of electronic filing to counsel for the Defendant.

/s/ Kyle M. Winslow
Assistant United States Attorney

6